UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY S. GOODYEAR,

           Plaintiff,

vs.                         Case No. 2:07-cv-309-FtM-34SPC

ANTHONY SIZEMORE,

           Defendant.
_____

## ORDER OF DISMISSAL[1]

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently confined at the Lee County Jail as a pretrial detainee, initiated this action *pro se* by filing a pleading entitled "Motion Complaint 42 U.S.C. § 1983" (Doc. #1), construed as a civil rights complaint, and a Motion to Proceed *In Forma Pauperis* (Doc. #2) on May 8, 2007. Plaintiff alleges that Defendant Sizemore, who is a detective with the Cape Coral Police Department, conspired to violate Plaintiff's civil rights by failing investigate Plaintiff claims of criminal wrongdoing by Plaintiff's former girlfriend and her new boyfriend. Plaintiff seeks compensatory and punitive damages from Defendant.

The Prison Litigation Reform Act (hereinafter PLRA), which amended 28 U.S.C. § 1915, contains the following subsection:

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

> (g)   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915, known as the "Three Strikes Rule" only permits a prisoner to file "three meritless suits at the reduced rate." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Additionally, the Court may consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. Rivera v. Allin, 144 F.3d 719, 730 (11th Cir. 1998).

The Court takes judicial notice that Plaintiff filed the following civil rights actions in this Court that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted: (1) 2:07-cv-192, (2) 2:07-cv-130, (3) 2:07-cv-276.[2] Because Plaintiff has had three or more qualifying dismissals and it does not appear that he is imminent danger of serious physical injury, this action will be

---

[2] Plaintiff also initiated an action by filing an "Emergency Petition for Injunction" in case number 2:07-cv-287. There, the Court determined that no emergency existed and dismissed the action. Additionally, due to Plaintiff's three strike status, the following cases filed by Plaintiff have previously been dismissed by this Court: 2:07-cv-270; 2:07-cv-275; and 2:07-cv-277.

dismissed without prejudice. To the extent that Plaintiff wishes to prosecute this action, he is required to file a new civil rights complaint form and pay the $350.00 filing fee in its entirety <u>at the time of filing</u>.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED** (Doc. #2).

2. Plaintiff's Complaint (Doc. #1) is **DISMISSED** without prejudice.

3. The **Clerk of Court** shall: (1) enter judgment accordingly; and (2) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this 11th day of May, 2007.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record